UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff/Respondent, | Criminal Action No. |
| | 2:17-cr-001-DLB-MAS-2 |
| v. | and |
| | Civil Action No. |
| KRISTIAN L. BELLAMY, | 2:19-cv-0165-DLB-MAS |
| Defendant/Movant. | |

**REPORT & RECOMMENDATION**

This matter is before the undersigned on Petitioner Kristian L. Bellamy's ("Bellamy") Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. [DE 170].[1] Bellamy alleges that her trial counsel was ineffective. The United States responded in opposition. [DE 182]. The Court perceives an evidentiary hearing as unnecessary to resolve the motion, as discussed below. Based on review of the full record, the Court recommends denial of Bellamy's § 2255 motion.

**I.    RELEVANT FACTUAL BACKGROUND**

On January 25, 2017, Bellamy appeared before the Court on an Indictment alleging her participation in a heroin and fentanyl trafficking scheme that resulted in death and serious bodily injury. [DE 3 (Indictment), DE 22 (Minutes)]. On May 18, 2017, Bellamy pleaded guilty to Count 1 of the Indictment—conspiracy to distribute a controlled substance resulting in death, in violation of 21 U.S.C. § 846—before Magistrate Judge Candace J. Smith. [DE 69 (Minutes), DE 93 (Accepted Plea Agreement)]. Judge Smith found Bellamy's plea to be knowing and voluntary and

---

[1] Record citations reference the underlying criminal docket.

1

concluded that an adequate factual basis in the record supported it; she recommended that then-District (now-Circuit) Judge Amul R. Thapar accept the plea. [DE 72 (Report & Recommendation)]. No party objected to the recommendation. Judge Thapar adopted the Report & Recommendation and adjudged Bellamy guilty of Count 1 of the Indictment on May 23, 2017. [DE 73]. Per her plea agreement, Bellamy waived the right to appeal the guilty plea and conviction, and she waived the right to appeal any sentencing determination, with the exception that she could appeal the sentence length if it exceeded both the top of the guideline range and any applicable statutory minimum. [DE 93, at ¶ 8]. Bellamy also waived all collateral attack rights, except for ineffective assistance of counsel claims. [*Id.*].

Bellamy's sentencing occurred before District Judge David L. Bunning on November 7, 2018. [DE 155 (Minutes)]. Bellamy initially was subject to a twenty-year statutory minimum imprisonment term because of the death-results enhancement. *See* 21 U.S.C. § 841(b)(1)(C). Her pre-departure guidelines range was 262-327 months' imprisonment. [DE 178 (Sentencing Tr.), at Page ID # 713]. After consideration of applicable statutory and guidelines-based departure motions, as well as the parties' 18 U.S.C. § 3553(a) arguments, Judge Bunning ultimately sentenced Bellamy to 156 months' imprisonment on Count 1, with five years of supervised release to follow. [DE 156 (Judgment)]. Appointed defense counsel, Hon. Dennis Alerding, represented Bellamy at all stages of the proceeding. Bellamy did not appeal.

## II.   LEGAL FRAMEWORK

Under § 2255, a federal prisoner may obtain relief if his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a); *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003) ("In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the

2

statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001))). A constitutional basis for § 2255 relief requires "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). Any non-constitutional error must constitute a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990). A § 2255 movant typically must prove any factual assertions by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (*per curiam*).

### III. ANALYSIS

Bellamy timely filed the instant § 2255 motion in November 2019, alleging that defense counsel's assistance was ineffective in two ways. [DE 170]. First, Bellamy contends that counsel was ineffective for failing to argue or preserve for appeal the issue of the conspiracy's timeline. Though Bellamy pleaded guilty to a conspiracy spanning April through September of 2016 (as alleged in Count 1), she now argues that the evidence did not support her participation "in any conspiratorial activity prior to August 30, 201[6]." [DE 170, at Page ID # 668].[2] Bellamy ostensibly seeks to exclude the date of the fatal distribution (August 1, 2016, *see* DE 93, at ¶ 3) from the conspiracy window, and she faults counsel for advising her to enter an allegedly factually unsupported plea agreement. Second, Bellamy argues that counsel was ineffective for failing to object to the allegedly insufficient factual basis for the death-results enhancement. Despite her

---

[2] As Bellamy's supplemental and later filings make clear, the motion's reference to an "August 30, *2019*" date is a mere typographical error. [DE 170, at Page ID # 668 (emphasis added)].

3

plea, Bellamy asserts that there was insufficient proof for a death-results conviction "because the defendant and her co-defendants . . . were not qualified as expert witnesses who could testify or dispose of scientific matters." [DE 170, at Page ID # 669].

Though characterized as ineffective assistance of counsel claims, Bellamy in substance challenges the sufficiency of the evidence underlying her conviction. The ineffective assistance framework, an ill fit for Bellamy's arguments, affords her no relief per the applicable standards. Nor can the Court review evidentiary sufficiency on collateral review, as Bellamy evidently wishes. The Court finds both argument avenues unmeritorious, for the reasons discussed below.

Further, the Court sees no need for an evidentiary hearing, under the circumstances. The Court must "grant a prompt hearing" on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Such is the case here. *See also* Rule 8(a) of the Rules Governing Section 2255 Cases in the United States District Courts (directing the Court to examine the filings and record "to determine whether an evidentiary hearing is warranted). The Court must hold a hearing where the petitioner raises a factual dispute underlying her claims, and "[t]he burden for establishing an entitlement to an evidentiary hearing is relatively light[.]" *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018). However, "where the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact[,]" no evidentiary hearing is required. *Id.*

To the extent Bellamy intends to challenge the sufficiency of the evidence underlying her conviction, she cannot properly do so in this proceeding, as a matter of law. And to the extent that Bellamy claims her counsel was ineffective for failing to object to such alleged insufficiency, Bellamy's factual admissions under oath flatly contradict the assertion. Bellamy's filings raise no

4

factual issues concerning her communications or consultations with counsel that would require an evidentiary hearing to explore. Rather, the record conclusively establishes that Bellamy knowingly and voluntarily admitted the facts underlying her Count 1 conviction. No hearing is thus required.

The Court addresses and rejects both facets of Bellamy's claims, as outlined below.

**A.    BELLAMY CANNOT CHALLENGE THE SUFFICIENCY OF THE EVIDENCE UNDERLYING HER CONVICTION ON COLLATERAL REVIEW.**

At core, Bellamy argues: (1) that there was insufficient evidence of her involvement in the conspiracy prior to August 30, 2016 to support her guilty plea to Count 1 and the death-results enhancement stemming from the early-August transaction; and (2) that there was insufficient evidence to support the death-results outcome, given the absence of expert medical proof on that topic. These challenges are not cognizable in this particular § 2255 petition.

"Generally, a challenge to the sufficiency of the evidence is not cognizable under § 2255." *Buchanan v. United States*, 191 F.3d 451 (6th Cir. 1999). "A Section 2255 proceeding cannot be used as a substitute for an appeal[,]" and "[t]he sufficiency of the evidence to prove the alleged offenses will not be reviewed in such a proceeding." *United States v. Shields*, 291 F.2d 798, 799 (6th Cir. 1961). Failure to raise a claim on direct review results in procedural default of that claim. *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). Because Bellamy procedurally defaulted any sufficiency of the evidence challenges by failing to raise them in an appeal, such claims "may be properly raised in a § 2255 motion only if [Bellamy] can demonstrate either cause and actual prejudice or [her] actual innocence." *Buchanan v. United States*, 191 F.3d 451 (6th Cir. 1999).

Bellamy has not meaningfully attempted to demonstrate cause for or prejudice resulting from her procedural default. As explanation for her failure to raise the instant issues in a direct

5

appeal or other proceeding, Bellamy simply asserts: "Due to ineffective assistance of counsel the Petitioner has not raised any ground of this petition in any federal court. She is not permitted to file pleadings with the court while she is represented by counsel." [DE 170, at Page ID # 673]. But Bellamy does not allege that she asked her counsel to file a direct appeal, or that counsel rejected or neglected any such request. Though "ineffective assistance of counsel may constitute cause excusing a procedural default," Bellamy does not allege that her counsel was ineffective for failing to file an appeal or raise these issues related to the merits of her conviction on appeal. *Jackson v. United States*, No. 17-6518, 2018 WL 3048002, at *2 (6th Cir. Apr. 23, 2018). Thus, she makes no showing of cause to justify her failure to pursue an appeal and raise her evidence sufficiency challenges on direct review.

Moreover, Bellamy does not attempt to, nor could she, establish resulting prejudice. Per her plea agreement, Bellamy agreed to waive all rights to appeal her guilty plea and conviction. [DE 93, at ¶ 8]. She does not argue that her entry into the plea agreement's waiver provision was unknowing or involuntary, or otherwise attack the validity of the waiver provision. Indeed, the record confirms Bellamy's knowing and voluntary entry into the waiver agreement. [DE 180 (Rearr. Tr.), at Page ID # 761]. Accordingly, given the unchallenged and binding appeal waiver, Bellamy could not have raised these issues related to her plea and conviction on direct appeal, even if she had pursued one. *See United States v. Toth*, 668 F.3d 374, 377–78 (6th Cir. 2012).

Finally, Bellamy also fails to establish that she is actually innocent of the Count 1 offense. "[P]risoners asserting [actual] innocence as a gateway to [procedurally] defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Jackson*, 2018 WL 3048002, at *2 (quoting *House v. Bell*, 547 U.S. 518, 536–37 (2006)) (alteration in original). "The hurdle

6

[Bellamy] faces in excusing [her] procedural default is intentionally high . . ., for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Peveler*, 269 F.3d at 700 (internal quotation marks omitted). Like the petitioner in *Jackson*, "[w]hile [Bellamy] argues that [s]he is actually innocent because there was insufficient evidence to sustain [her] convictions, [she] has failed to produce any new evidence exonerating [herself]." *Id.* Though Bellamy argues that the evidence in the record and the facts outlined in the plea agreement are inadequate to support her conviction (and that counsel was ineffective for neglecting to raise this issue), she neither legitimately contends that she actually did not commit the Count 1 offense, nor provides factual evidence of her innocence.

Bellamy has not shown cause or prejudice (and she would have had to establish both) for her procedural default of these evidentiary issues, and she likewise has not asserted or established her actual innocence of the offense of conviction. She cannot benefit from any exception to the procedural default bar, and the general rule applies. The Court cannot review the sufficiency of the evidence underlying Bellamy's conviction in this collateral proceeding. To the extent she functionally asserts such claims, they are unsuccessful.

**B.  DEFENSE COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO OBJECT TO THE FACTUAL BASES FOR BELLAMY'S CONVICTION.**

The standard outlined in *Strickland v. Washington*, 466 U.S. 668 (1984), governs ineffective assistance of counsel claims. To prevail, a movant must prove (1) that defense counsel's performance was deficient, and (2) that the demonstrated deficiency prejudiced the movant. *Id.* at 687. To establish deficient performance, a movant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. "Judicial scrutiny of counsel's performance must be highly deferential[,]" and the "court must indulge a

strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

A prejudice showing requires a "reasonable probability that, but for counsel's errors, the judicial outcome would have been different." *Id*. at 694–95. The Court "must consider the totality of the evidence" in assessing prejudice. *Id.* at 695. The movant must satisfy both prongs of the *Strickland* analysis, but courts need "not address both components of the deficient performance and prejudice inquiry if the defendant makes an insufficient showing on one." *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (internal quotation marks omitted). The Court may address the prongs in either order. *Strickland*, 466 U.S. at 697.

Bellamy broadly argues that counsel was ineffective for permitting or advising her to enter a guilty plea, despite what she perceives as an insufficient factual basis supporting it. Bellamy first faults counsel for failing to object to the specific facts in the plea agreement, arguing that they do not support her involvement in the conspiracy prior to August 30, 2016. Second, Bellamy argues that counsel should have challenged the lack of expert medical proof underlying the death-results enhancement included in the plea agreement.[3] Because Bellamy's plea agreement admissions and sworn statements during the rearraignment colloquy directly contradict her current claims and establish an adequate factual basis for her conviction, there is no support for her contention that counsel performed deficiently. Nor is there any evidence that, absent counsel's advice or assistance, the proceeding's outcome would have been different. Bellamy thus has not

---

[3] Relatedly, Bellamy argues that counsel should have objected to the base offense level (38) applied at sentencing. [De 170-1, at Page ID # 684]. However, the base offense level of 38 included no separate sentencing-related enhancement; the guidelines require a base offense level of 38 in the case of any conviction under 21 U.S.C. § 841(b)(1)(C) (as is Bellamy's) involving resulting death or serious bodily injury. *See* U.S.S.G. § 2D1.1(a)(2). This argument thus mirrors Bellamy's general challenge to the death-results portion of her conviction, and the Court does not separately address it.

demonstrated prejudice. Accordingly, to the extent she claims ineffective assistance, her petition fails.

As discussed, Bellamy has not impugned the validity of her plea or claimed that she did not enter the agreement knowingly and voluntarily. The record in fact confirms the plea's validity. "In order for a guilty plea to be constitutional it must be knowing, intelligent, voluntary, and made with sufficient awareness of the relevant circumstances and likely consequences." *Byars v. Gidley*, No. 16-2485, 2017 WL 4956919, at *2 (6th Cir. July 3, 2017) (citing *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005)). "Courts evaluate the voluntariness of a guilty plea in light of all relevant circumstances surrounding the plea." *Id.* Critically, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Consequently, "[t]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id.* at 73–74. Later contrary, "conclusory allegations unsupported by specifics" are typically unpersuasive. *Id.* at 74. "The record of a plea colloquy outweighs a petitioner's 'alleged subjective impression.'" *Byars*, 2017 WL 4956919, at *2 (quoting *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999)).

At Bellamy's rearraignment hearing, Judge Smith conducted a careful Rule 11 colloquy to ensure that Bellamy was competent and capable of entering an informed, knowing, and voluntary plea. [DE 180, at Page ID # 741–779]. Judge Smith discussed Bellamy's constitutional rights, ensured that she had sufficient time to review all discovery and confer with counsel prior to the hearing, and confirmed that Bellamy fully understood the nature and details of the Count 1 charge, as well as all potential penalties. [*Id.*]. The United States summarized on the record the factual basis for the plea and noted that, by signing the plea agreement and entering a guilty plea, Bellamy

9

freely admitted that all such "facts [were] accurate and that they would be sufficient to establish those three essential elements [of the Count 1 offense] beyond a reasonable doubt." [*Id.*, at Page ID # 765]. Bellamy further assured the Court that she understood the facts outlined in the plea agreement, admitted them, and agreed that they were sufficient to establish the essential elements of the Count 1 offense as identified in the plea agreement. [*Id.*, at Page ID # 770]. Bellamy specifically affirmed that she worked together with Co-Defendant Jett to distribute heroin during the Count 1 period (the summer of 2016), and that she ultimately was present while Jett sold—as a part of the couple's ongoing joint trafficking endeavor—a heroin and fentanyl mixture that caused the overdose death of the Count 1 victim. [*Id.*, at Page ID # 771–773].

After thoroughly discussing all relevant information surrounding the Count 1 elements and supporting facts, as well as the plea agreement details, Bellamy pleaded guilty. [*Id.*, at Page ID # 777]. Judge Smith subsequently expressly stated:

> I do find that you have entered an informed plea here this afternoon and you are fully capable and competent to enter that informed plea and that your plea of guilty is a knowing and voluntary plea that is supported by an independent basis in fact and contains each of the essential elements for Count 1 as we reviewed here this afternoon.

[*Id.*, at Page ID # 778]. Judge Smith's recommendation to Judge Thapar reiterated this finding [DE 72] and, after noting that Bellamy had not objected to the recommendation, Judge Thapar agreed and adjudged Bellamy guilty of the Count 1 offense. [DE 73].

Given the rearraignment colloquy reflected in the transcript, Bellamy's knowing and voluntary entry into the plea agreement and her admission of the facts outlined in it—as well as her admission that those facts sufficiently established the elements and her guilt of the Count 1 offense—mount a steep hurdle to relief on her current claims. *Blackledge*, 431 U.S. at 74. Bellamy admitted under oath that she had reviewed all discovery, was aware of and understood the evidence, and agreed that it factually supported her Count 1 conviction. Judge Smith likewise

10

found that it did. Bellamy's conclusory allegations of counsel's deficient performance in this regard do little to undermine her own prior sworn statements and Judge Smith's attendant findings.

In any event, counsel did not render deficient performance by failing to object to the factual and evidentiary bases for the plea because, per the record and applicable law, they are adequate. To establish a violation of § 846, "the government must prove the existence of an agreement to violate the drug laws and that each conspirator knew of, intended to join, and participated in the conspiracy." *United States v. Volkman*, 797 F.3d 377, 390 (6th Cir. 2015). To warrant the death-results enhancement, the United States must additionally prove that the victim would not have died but for use of the controlled substance distributed as a part of that conspiracy. *Burrage v. United States*, 571 U.S. 204, 219 (2014); *see also* Sixth Cir. Pattern Instr. No. 14.02B. The plea agreement accurately identifies these elements. [DE 93, at ¶ 2].

And the facts in the plea agreement, as augmented by Bellamy's own statements and admissions during the plea colloquy, collectively satisfy each element of the conspiracy offense as it is charged in Count 1. Bellamy specifically admits that, "during the summer *months* of 2016[,]" she and Jett "conspired to distribute" heroin and fentanyl. [DE 93, at ¶ 3(a) (emphasis added)]. She further agreed during the hearing that she and Jett "work[ed] together, work[ed] with each other" to distribute fentanyl and heroin during the summer of 2016, regularly purchasing it from Cincinnati and transporting it back to this District for sale from their personal residence. [DE 180, at Page ID # 771–72]. Bellamy additionally admitted under oath that her "traffick[ing]" conduct, as specifically described in the plea agreement, "resulted in somebody losing their life." [DE 180, at Page ID # 771]. Per the plea agreement, she admitted that the victim travelled to her and Jett's residence on August 1, 2016, for the purpose of purchasing heroin. [DE 93, at ¶ 3(b)]. Bellamy conceded that she knew that the victim intended to use the substance Jett sold on that date as a part

11

of the conspiracy, and that the victim subsequently "obvious[ly]" died as a result of an overdose caused by her use of that substance. [DE 93, at ¶ 3(d)–(e); DE 180, at Page ID # 772].

Collectively, the admitted facts confirm that Bellamy knowingly agreed and worked with Jett to purchase heroin and fentanyl mixtures from Cincinnati and distribute them from their shared residence in this District throughout multiple summer months (thus necessarily prior to August 1) in 2016. The facts of record further confirm that the fatal August 1, 2016 sale was conducted as a part and in direct furtherance of this conspiracy to distribute heroin and fentanyl. Finally, the plea agreement and rearraignment transcript reflect Bellamy's concession that she knew the victim intended to consume the controlled substance mixture distributed as a part of the conspiracy on August 1, and that the victim's death ultimately resulted from an overdose of that mixture. These sworn admissions (the validity of which Bellamy has not challenged) satisfy the elements of the Count 1 offense as charged and refute her present claim of "mere presence" during the August 1 transaction. As the statute requires, it is apparent per the admitted facts that the fatal transaction was a part of the overall conspiracy in which Bellamy knowingly and voluntarily engaged during the summer of 2016. Accordingly, counsel was not deficient for failing to object to the temporal scope of the charged and admitted conspiracy.

Nor was expert medical proof required, under the circumstances. Notably, "the government was not required to prove anything because [Bellamy] admitted all of the facts essential to sustain [her] conviction when [s]he agreed to plead guilty." *Webster v. Streeval*, No. CV 0:19-111-HRW, 2019 WL 5848060, at *3 (E.D. Ky. Nov. 7, 2019), *appeal dismissed sub nom. Webster v. Streeva*, No. 19-6455, 2020 WL 7585694 (6th Cir. Aug. 21, 2020); *see id.* (quoting *United States v. Broce*, 488 U.S. 563, 569 (1989)) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of

guilt and a lawful sentence."). Bellamy previously admitted, under oath, that the Government could prove all elements of the conviction. She further admitted specific facts supporting the conviction, including the death-results component. The conclusory, unsupported, and self-serving statements in her petition claiming otherwise simply are insufficient to overcome that "formidable barrier" to § 2255 relief. *Blackledge*, 431 U.S. at 74.[4] As Bellamy herself admitted under oath that the evidence was sufficient to support an overdose death conviction, she cannot now claim that counsel was ineffective for failing to require additional proof. No further evidence was needed, and counsel's performance was not deficient in this regard, either.

Moreover, Bellamy has not attempted to or succeeded in establishing prejudice, *i.e.*, that the outcome of the proceeding would have differed absent these alleged errors. To satisfy the prejudice prong "[i]n a guilty plea context 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (*Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Bellamy does not demonstrate that she would have insisted on proceeding to trial or declined to plead guilty to the death-results enhancement had counsel explored the temporal proof in more detail or objected to the lack of expert medical evidence. Indeed, she argues that those things in fact did not occur, and yet she nonetheless entered a knowing, voluntary, and binding plea that she does not here challenge.

---

[4] The Court notes an important distinction: Bellamy does *not* argue that counsel was ineffective for failing to hire a defense medical expert, or for failing to counter the prosecution's proof in any particular way. She simply contends that the Government's proof was insufficient because it lacked expert testimony, and she faults counsel for failing to raise the issue. This evidence insufficiency argument directly contradicts Bellamy's prior plea agreement and rearraignment colloquy admissions, without factual detail or support.

For these reasons, Bellamy has not established either *Strickland* prong, and to the extent she frames her sufficiency of the evidence arguments as ineffective assistance of counsel claims, they lack merit.[5]

### IV.    CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473,484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

---

[5] The Court briefly clarifies apparent confusion threaded throughout the petition and briefing. Bellamy seems to conflate the death-results component of her conviction—which she admitted that the Government could prove beyond a reasonable doubt as a part of her guilty plea—with some sort of sentencing enhancement. Contrary to Bellamy's characterization and corresponding suggestion of post-plea surprise, the death-results "enhancement" was not imposed at the sentencing stage to increase her sentence after-the-fact. Rather, Bellamy agreed, per her valid plea, that the enhancement applied as a core part of her conviction, and that it carried with it a twenty-year mandatory minimum. The unchallenged plea-related record squarely controverts any implication that Bellamy did not understand her admission to the death-results element or her potential sentencing exposure, and nothing that occurred post-plea casts doubt on that.

In this case, reasonable jurists would not debate the denial of the Defendant's § 2255 motion or conclude that the issues warrant further review. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Based on the full record, there is not a reasonably debatable question as to whether the Court can properly consider the sufficiency of the evidence underlying Bellamy's conviction in this collateral proceeding. Nor could reasonable jurists debate whether defense counsel was ineffective for failing to challenge the sufficiency of the evidence at the trial stage, given Bellamy's sworn, fact-based admissions to all essential elements of the offense of conviction. Accordingly, it is **RECOMMENDED** that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

## V.  CONCLUSION

For the reasons stated in this decision, the Court **RECOMMENDS** that:

1) the District Court **DENY**, with prejudice, Defendant's § 2255 motion [DE 170] as to all claims raised; and

2) the District Court **DENY** a certificate of appealability as to all issues, should Bellamy seek one.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

Entered this the 8th day of January, 2021.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge