**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 17-1-DLB-MAS-2**
**CIVIL ACTION NO. 19-165-DLB-MAS**

**UNITED STATES OF AMERICA**                                                          **PLAINTIFF**

v.        **ORDER ADOPTING REPORT & RECOMMENDATION**

**KRISTIAN L. BELLAMY**                                                                **DEFENDANT**

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the Report & Recommendation ("R&R") of United States Magistrate Judge Matthew A. Stinnett (Doc. # 198), wherein he recommends that Defendant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 170) be denied. Defendant Bellamy having filed Objections (Doc. # 201)[1] and the United States having filed a Response (Doc. # 203), the R&R is now ripe for the Court's review. For the reasons set forth herein, Defendant's Objections are **overruled** and the R&R is **adopted** as the findings of fact and conclusions of law of the Court.

---

[1] As specified in the R&R, Defendant had fourteen days after being served with a copy of the R&R to file objections. (Doc. # 198 at 15) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Fed. R. Crim. P. 59(b)). In her Objections, Bellamy states that she was served with a copy of the R&R on January 19, 2021 and indicates that her Objections were submitted (assumably placed in the prison mail system) on February 2, 2021. (Doc. # 201 at 1, 13). Accordingly, the Court finds Bellamy's Objections timely filed pursuant to the "prison mailbox rule." *See Brand v. Motley*, 526 F.3d 921, 295 (6th Cir. 2008) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On January 12, 2017, Defendant Kristian Bellamy was indicted, along with three co-defendants, for conspiracy to distribute a controlled substance resulting in death in violation of 21 U.S.C. §§ 841(a)(1) and 846 and aiding and abetting distribution of a controlled substance resulting in death pursuant to 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Doc. # 3). At her initial appearance and arraignment, F. Dennis Alerding was appointed as her CJA counsel, who represented Bellamy at all stages of the proceeding. (Doc. # 22). Defendant entered into a plea agreement on May 18, 2017, under which she pled guilty to Count I, conspiracy to distribute a controlled substance resulting in a death in violation of 21 U.S.C. § 846. (Docs. # 69, 70 and 93). The plea agreement included a waiver of Defendant's right to appeal the guilty plea, conviction, and sentence, as well as her right to collaterally attack the guilty plea, conviction, and sentence except for claims of ineffective assistance of counsel. (Doc. # 93 ¶ 8).

On November 7, 2018, Defendant was sentenced to 156 months' imprisonment and 5 years' supervised release. (Docs. # 155 and 156). Bellamy did not directly appeal her conviction or sentence. However, on November 19, 2019, Defendant, proceeding pro se, filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 raising the following claims of ineffective assistance of counsel: (1) counsel failed to object to the conspiracy's timeline and when Defendant Bellamy allegedly joined the conspiracy, (Doc. # 170 at 4), and (2) counsel failed to object to the allegedly insufficient factual basis for the death-results sentencing enhancement, (*id.* at 5).

The Magistrate Judge issued an R&R on January 8, 2021 recommending that Defendant's § 2255 Motion be denied. (Doc. # 198). In the R&R, the Magistrate Judge

2

explained that to the extent Bellamy seeks to challenge the sufficiency of the evidence supporting her involvement in the conspiracy or the death-results enhancement, she is barred from doing so due to the waiver contained in her plea agreement and the doctrine of procedural default. (*Id.* at 5-7). Next, the Magistrate Judge assessed Defendant's ineffective-assistance-of-counsel claims under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). (*Id.* at 7-14). With respect to Defendant's first argument, that counsel was deficient for failing to object to the conspiracy timeline due to a lack of evidence of her involvement prior to August 30, 2016, the Magistrate Judge noted that in her plea agreement admissions and sworn statements made during her plea colloquy, Bellamy stated that she worked with Co-Defendant Joshua Jett to distribute heroin during the summer of 2016. (*Id.* at 9-10) (citing Doc. # 180 at 35-37). The Magistrate Judge also found Defendant's second argument regarding counsel's failure to object to the sufficiency of the evidence supporting the death-results enhancement to be meritless. (*Id.* at 12-14). Bellamy specifically argued that there was no medical testimony concerning the cause of the victim's death to support the application of the enhancement. (Doc. # 170 at 5). In addressing this argument, the Magistrate Judge pointed to Bellamy's admission "that she knew the victim intended to consume the controlled substance mixture distributed as part of the conspiracy on August 1, and that the victim's death ultimately resulted from an overdose of that mixture." (Doc. # 198 at 11-12) (citing Docs. # 93 at ¶ 3(b)-(e) and 180 at 35-36). In addition, the Magistrate Judge found that no expert medical proof was required under the circumstances, given Bellamy's admissions. (*Id.* at 12). Finally, the R&R explains that Bellamy "has not attempted to or succeeded in establishing prejudice" meaning that "she would have insisted on proceeding to trial or

3

declined to plead guilty to the death-results enhancement had counsel explored the temporal proof in more detail or objected to the lack of expert medical evidence." (*Id.* at 13). Accordingly, the Magistrate Judge concluded that Defendant failed to establish either *Strickland* prong and recommended denial of her § 2255 Motion. (*Id.* at 14-15).

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(b)(2), a habeas petitioner may object to a magistrate judge's recommended disposition. If the petitioner objects, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). The Sixth Circuit has held that "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (alteration omitted) (quoting *Souter v. Jones*, 395 F.3d 577, 585 (6th Cir. 2005)). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (alteration in original) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. July 18, 1997) (unpublished opinion)). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). "Moreover, an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.'" *United States v. Vanover*,

No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (internal quotation omitted) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)).

## III.  OBJECTIONS

Defendant filed several objections that will be addressed in turn.  First, Defendant reiterates that counsel should have objected to the death-results enhancement due to a lack of evidence supporting Defendant's involvement in the fatal distribution or medical evidence or expert testimony demonstrating that the cause of the victim's death was drug overdose.  (Doc. # 201 at 2-3, 5-7).  Bellamy specifically argues that prior to August 30, 2016 she was not involved in drug distribution and was merely associated with Co-Defendant Joshua Jett as his fiancé.  (*Id.* at 4-5).  According to Defendant, although she admitted to the facts underlying her conviction, she would not have done so had she been aware of possible defenses based on a lack of evidence of her participation in the fatal distribution or evidence as to the cause of the victim's death.  (*Id.* at 5-13).

Yet, as explained by the Magistrate Judge, at Bellamy's rearraignment hearing, Defendant confirmed that she understood the nature and details of Count 1, as well as the potential penalties.  (Doc. # 180 at 11-20).  During the hearing, counsel for the United States reviewed the essential elements of Count 1: "that the defendant conspired with others to knowingly and intentionally distribute a controlled substance," "that [the defendant] knowingly and voluntarily joined the conspiracy," and "that death resulted from the controlled substance . . . distributed as part of the conspiracy."  (*Id.* at 29).  In addition, Bellamy confirmed that she understood that the United States would have to prove each element by proof beyond a reasonable doubt at trial.  (*Id.* at 33).  Bellamy then proceeded to affirm that the facts contained in the plea agreement were accurate and sufficient to

5

establish the elements of Count 1. (*Id.* at 34-37). Namely, Defendant testified that she worked with Co-Defendant Jett to distribute heroin during the summer of 2016 and that she was present when Jett sold a heroin and fentanyl mixture that caused the overdose death of the victim. (*Id.* at 35-37). Importantly, as the Magistrate Judge noted, Bellamy does not challenge the validity of her plea or assert that it was not entered into knowingly and voluntarily. (Doc. # 198 at 9). Accordingly, the Court agrees with the Magistrate Judge that Bellamy's conclusory allegations, including that she would not have accepted the plea agreement and admitted to the relevant facts had she been aware that counsel could have objected to the sufficiency of the evidence, are insufficient to support her ineffective-assistance-of-counsel claim. Thus, Defendant's objection is **overruled**.

Bellamy also challenges the Magistrate Judge's characterization of her arguments as sufficiency-of-the-evidence arguments rather than ineffective-assistance-of-counsel claims. (Doc. # 201 at 4). The Court agrees with the Magistrate Judge's assessment of Bellamy's purported ineffective-assistance-of-counsel claim, which in substance, hinges on whether there was sufficient evidence to support a conviction under Count 1. (*See* Doc. # 198 at 4). Regardless, the Magistrate Judge addressed Defendant's claim in the alternative, as an ineffective-assistance-of-counsel claim and properly applied the two-prong test established by *Strickland*. (*Id.* at 7-14). Accordingly, this objection is also **overruled**.

## IV. CONCLUSION

For the reasons stated herein, **IT IS ORDERED** as follows:

(1) The Report and Recommendation of the United States Magistrate Judge (Doc. # 198) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(2) Defendant's Objections (Doc. # 201) are hereby **OVERRULED**;

(3) Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 170) is hereby **DENIED**;

(4) This matter is hereby **DISMISSED with prejudice** and **STRICKEN** from the Court's active docket;

(5) For the reasons set forth herein and in the Magistrate Judge's R&R (Doc. # 198), the Court determines that there would be no arguable merit for an appeal in this matter and, therefore, **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE**; and

(6) A separate Judgment will be filed concurrently herewith.

This 1st day of April, 2021.



Signed By:
David L. Bunning
United States District Judge

J:\DATA\ORDERS\Covington Criminal\2017\17-1-2 Order Adopting R&R 2255.docx